## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| SHARON JANUSZEWSKI, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 05 C 3820 |
| | ) | |
| v. | ) | Judge Robert W. Gettleman |
| | ) | |
| | ) | Magistrate Judge |
| VILLAGE OF OAK LAWN, et al., | ) | Martin C. Ashman |
| | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Sharon Januszewski ("Januszewski"), is suing the Village of Oak Lawn and

several of the Village's current and former employees and officials (collectively, "the

Defendants") based on claims of sexual harassment and retaliation in violation of Title VII of the

Civil Rights Act of 1964, the Equal Protection Clause of the Fourteenth Amendment, and the

First Amendment. Currently before the Court is Januszewski's motion to amend several of her

responses to requests to admit that the Defendants propounded during the course of written

discovery. The Court rules on this motion under Judge Gettleman's referral of the case for

discovery supervision pursuant to Local Rule 72.1. For the reasons stated below, Januszewski's

motion is granted.

## I. Background

Januszewski filed her first complaint on June 30, 2005, alleging a violation of Title VII by the Village of Oak Lawn, Thomas Moran, Edward Folliard, Michael S. Boman, and Robert Wesselhoff. (Compl., Dkt. #1.) In August 2006, Januszewski terminated her original counsel, Barry Gomberg, and replaced him with her current counsel, Dana L. Kurtz. (Pl.'s Br. at 4; Dkt. #46, 52.) On October 20, 2006, she amended her complaint to add several claims, including a claim that the Village of Oak Lawn retaliated against her for complaining about sexual harassment and violated her rights under the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution. (Amended Compl., Dkt. #56.) Januszewski also alleged that the Defendants' actions were part of a systematic policy and practice of discrimination and retaliation. (*Id.*)

On September 5, 2008, Januszewski filed the current motion under Federal Rule of Civil Procedure 36(b), seeking to withdraw and amend several of her answers to the Defendants' requests to admit. The answers at issue were signed and served by her prior counsel on July 18, 2006. Januszewski alleges that her prior attorney never gave her an opportunity to review the answers or provided her with a copy of the answers. (Pl.'s Br. at 6.) Januszewski's current counsel declares under oath and penalty of perjury that she did not receive a copy of the answers until January 18, 2008. (Pl.'s Reply at 2, Ex. B.) Januszewski's counsel further declares that she informed defense counsel shortly after receiving the answers that she would seek to amend or withdraw them. (*Id.*)

Januszewski asserts that the answers at issue are erroneous and do not accurately reflect the facts underlying her claims of harassment and retaliation. (Pl.'s Br. at 6-11.) Specifically,

several of the requests to admit relate to the issue of when and how Defendants were notified about alleged incidents of sexual harassment. (Pl.'s Br., Ex. 1.) In her answer to one of Defendants' requests to admit, Januszewski admitted that she had not complained of any form of sexual harassment other than the incident that formed the basis of the original complaint since June 16, 2003. (*Id.*) However, Januszewski now cites evidence in the record that—she claims—shows that she complained of several incidents of sexual harassment or discrimination after that date. (*Id.* at 7-9, Ex. 2.) In response to other requests to admit, Januszewski admitted that she had not complained of any sexual harassment prior to June 16, 2003, and that she had not filed a written complaint about any form of harassment. (*Id.*, Ex. 1.) Januszewski now cites evidence in the record that indicates that she complained about pornography in the firehouse several times prior to June 16, 2003, and that she filed multiple written complaints. (*Id.* at 9-10, Exs. 4, 5.) Because neither she nor her current counsel reviewed or signed these admissions that appear to contradict other facts of record, Januszewski argues that Court should allow her to withdraw and amend her answers to the Defendants' requests to admit. (*Id.* at 11.) The Defendants oppose Januszewski's motion, arguing that there is no sound reason to allow her to amend the answers that her previous attorney filed and that they would be prejudiced if Januszewski were allowed to change her answers at this late stage in the litigation after two years have elapsed and discovery has closed.

## II. Discussion

Under Federal Rule of Civil Procedure 36(b) a court, in its discretion, may permit a party to rescind admissions when (1) doing so will serve the presentation of the merits of the case and

- 3 -

(2) the party who benefits from the admissions is not prejudiced. *Banos v. City of Chicago*, 398 F.3d 889, 892 (7th Cir. 2005); Fed. R. Civ. P. 36(b). The Court considers these prongs separately.

## A.    Presentation of the Merits

As discussed above, Januszewski has shown that her answers to Defendants' requests to admit regarding when and how she complained of sexual harassment conflict with other significant evidence in the record. This conflict directly impacts the merits of the case. Although Defendants are correct that there are theories of employer liability for sexual harassment that do not require actual notice, notice is obviously relevant to whether Defendants "failed to take appropriate remedial measures once apprised of the harassment," *Hostetler v. Quality Dining, Inc.*, 218 F.3d 798, 809 (7th Cir. 2000), or retaliated against Januszewski for complaining about harassment. Therefore, the issue of notice is important to the merits of the case. If Januszewski's answers were to stand, the fact that she never notified the Defendants regarding other incidents of harassment would be deemed "conclusively established" under Rule 36(b), when in fact Januszewski disputes this issue and has shown some evidentiary support for her position. Fed. R. Civ. P. 36(b). Therefore, it is clear that allowing Januszewski to withdraw the disputed answers would allow for a fuller presentation of the merits of the case.

The Defendants argue that Januszewski must clear a higher hurdle by showing that the admissions, if left to stand, would effectively foreclose any attempt to litigate the case on the merits. (Defs.' Br. at 8-9.) In support of this position, the Defendants cite two cases from the Ninth Circuit in which that court stated that the requirements of Rule 36(b) were met "when

upholding the admissions would practically eliminate any presentation of the merits of the case."
*Conlon v. U.S.*, 474 F.3d 616, 622 (9th Cir. 2007) (quoting *Hadley v. U.S.*, 45 F.3d 1345, 1348
(9th Cir. 1995)). Beyond the obvious point that *Hadley* is not a binding precedent, the Court
believes that the Defendants misread the case. The court in *Hadley* merely said that the
"presentation of the merits" prong of Rule 36(b) was satisfied where the admissions at issue were
so crucial that they would practically eliminate any presentation of the merits. 45 F.3d at 1348.
The court did not say that *only* those admissions that would eliminate any presentation of the
merits of the case are eligible for withdrawal and amendment. The Court believes that the Ninth
Circuit was describing a sufficient condition for allowing the withdrawal of an admission, not a
necessary one. Because the Defendants' proposed heightened standard finds no support in case
law or the plain language of Rule 36(b), the Court declines to follow it. Rather, the Court finds
that allowing the withdrawal of the answers at issue would serve the full presentation of the case
on its merits by allowing Januszewski to present evidence that she did in fact notify the
Defendants of other incidents of harassment.

### B. Prejudice

In a sense, every party is "prejudiced" when an opponent is allowed to present evidence in
support of her case; indeed, anything that decreases a party's chances of success could be deemed
prejudicial. But "[t]he prejudice contemplated by Rule 36(b) is 'not simply that the party who
obtained the admission will now have to convince the factfinder of its truth. Rather it relates to
the difficulty a party may face in proving its case.'" *Hadley*, 45 F.3d at 1348 (quoting *Brook
Village N. Assocs. v. Gen. Elec. Co.*, 686 F.2d 66, 70 (1st Cir. 1982)); *accord Paymaster Corp. v.*

*California Checkwriter Co.*, No. 95 C 3646, 1996 WL 543322, at *2 (N.D. Ill. Sept. 23, 1996). This prejudice "can also include prejudice to trial preparation or significant delay causing a party to forego discovery." *Enduracare Therapy Mgmt., Inc. v. Cornerstone Healthcare of Illinois, Inc.*, No. 4:05 CV 04112-JPG, 2006 WL 2640342, at * 2 (S.D. Ill. Sept. 12, 2006). Courts have also taken into account the reasonableness of a party's reliance on answers to requests to admit in determining whether that party would be prejudiced by allowing the answers to be withdrawn and amended. *See Warfield v. City of Chicago*, 565 F. Supp. 2d 948, 961 (N.D. Ill. 2008).

In *Warfield*, the court found that the defendants' reliance on the plaintiffs' failure to answer requests to admit for two years was unreasonable when it was clear that the plaintiffs disputed many of the facts that the defendants had requested they admit. 565 F. Supp. 2d at 961. This case presents a similar situation. Although Januszewski answered in July 2006 that she did not make other harassment complaints, other evidence uncovered in the case, discussed above, suggests that she did. Furthermore, Januszewski and her current counsel have litigated the case as though the issue of notice is still very much contested. Finally, Januszewski's counsel informed counsel for the Defendants that she would seek to alter or amend her answers to their requests to admit in January 2008. Under the circumstances, it strikes the Court as unreasonable for the Defendants to have relied on the disputed answers. In any event, there is no indication that the Defendants' trial preparation has been seriously prejudiced or that they have foregone discovery in reliance on Januszewski's admissions. The parties have engaged in copious oral and written discovery for over three years. When asked by the Court at oral argument how they would be prejudiced by the withdrawal of the disputed admissions, the Defendants stated that they would need to re-depose Januszewski. Although they acknowledged that they had asked her

about prior complaints of sexual harassment at her deposition, the Defendants argued that they might have pressed her further regarding her answers but elected to rely on her written answers to requests to admit. This relatively insignificant prejudice can be remedied by allowing the Defendants to depose Januszewski again for the limited purpose of interrogating her regarding other complaints of harassment.

Finally, Defendants argue that allowing Januszewski to withdraw her answers at this point would in essence reward inequitable conduct, noting that the Court has discretion to deny a 36(b) motion to withdraw answers even if withdrawal would serve the merits and would not prejudice the opposing party. Defendants point to this Court's opinion in *Matthews v. Homecoming Fin. Network*, No. 03 C 3115, 2006 WL 2088194, at *3 (N.D. Ill. July 20, 2006), and assert that, like the defendant in that case, Januszewski has simply waited too long to move to withdraw her answers to the requests to admit. However, in *Matthews*, the party seeking relief (1) had never responded to its opponent's requests to admit and (2) never offered any explanation for its failure to respond. *Id.* at *3. In this case, the Court is not faced with such blatant failures. The Court accepts Januszewski's assertion that her prior attorney never showed her or asked her to sign her answers to the requests to admit and credits her attorney's declaration that she first learned of the answers in January 2008. Januszewski's attorney also declares that she informed opposing counsel of her intent to withdraw the answers within days of seeing them for the first time.

Under the circumstances, the Court finds that Januszewski has offered an explanation for the original erroneous answers and concludes that she informed the Defendants of her intent to amend the answers in a timely fashion. Clearly, informally notifying opposing counsel of her

intent to withdraw the admissions does not have the same legal effect as filing an actual motion, but it undermines any inference that Januszewski was acting strategically to lull the Defendants into relying on her answers. Therefore, the Court finds no reason to deny Januszewski's motion. Rather, the Court in its discretion finds that allowing Januszewski to withdraw and amend the answers will promote the litigation of this case on its merits and will not unduly prejudice the Defendants. Because the factors outlined in Federal Rule of Civil Procedure 36(b) are satisfied, Januszewski's motion to withdraw her answers to the Defendants' requests to admit is granted.

### III. Conclusion

For the reasons set forth above, Januszewski's Motion to Withdraw or Amend Answers to Requests to Admit is granted. Januszewski shall file her amended answers to the Defendants' Requests to Admit within seven days. Defendants may re-depose Januszewski, but this deposition will be limited to the issue of when and how she complained of sexual harassment at the Oak Lawn Fire Department.

**ENTER ORDER:**

**MARTIN C. ASHMAN**
United States Magistrate Judge

Dated: November 12, 2008.

- 8 -